# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

BERNARD J. NIEMANN, JR. and SONDRA S. NIEMANN,
on behalf of themselves and others similarly situated,

                Plaintiff,

MALLERY & ZIMMERMAN, S.C.,

                Defendant,

Case No.: 20-cv-979

Class Action Complaint

Jury Trial Demanded

## NATURE OF THE ACTION

1.    This is a class action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

2.    Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

3.    As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—once explained, "[h]armful debt collection practices remain a significant concern today. The CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

---

[1]    *See* Brief for the CFPB as Amicus Curiae, Dkt. No. 14, p. 10, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014). *See* https://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf (last accessed October 8, 2020).

1

4. To combat this serious problem in the debt collection industry, the FDCPA requires debt collectors to send consumers "validation notices" containing certain information about their alleged debts and consumers' rights. 15 U.S.C. § 1692g(a).

5. A debt collector must send this notice "[w]ithin five days after the *initial communication* with a consumer in connection with the collection of any debt," unless the required information was "contained in the initial communication or the consumer has paid the debt." *Id.*, § 1692g(a) (emphasis added).

6. As noted by the CFPB and the Federal Trade Commission, "this validation requirement was a 'significant feature' of the law that aimed to 'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid,'" *see Hernandez*, No. 14-15672, at 5 (quoting S. Rep. No. 95-382, at 4 (1977)), and to guarantee that consumers would receive adequate notice of their legal rights. *See* S. Rep. No. 382, 95th Cong., 1st Sess. 4, 8, *reprinted in* 1977 U.S. Code Cong. & Admin. News 1695, 1699, 1702.

7. This case arises out of the antiquated practice of serving a validation notice on a consumer who is a defendant in a state court debt collection lawsuit at the same time the debt collector serves the summons and complaint on the consumer.

8. This practice appears to have originated out of a previous lack of clarity as to whether a state court complaint in connection with a consumer debt was an "initial communication" under the FDCPA. *Compare, e.g.*, *Vega v. McKay*, 351 F.3d 1334, 1337 (11th Cir. 2003) (holding that a summons and complaint do not constitute "initial communications" triggering the debt validation notice requirements of § 1692g), *with Thomas v. Law Firm of Simpson & Cybak*, 392 F.3d 914, 920 (7th Cir. 2004) (finding that a summons and complaint

served in a state court action constitute an "initial communication" under the FDCPA), *superseded by statute as stated in Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 472 (7th Cir. 2007).[2]

9. But in 2006, Congress amended the FDCPA to clarify that "[a] communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a)." 15 U.S.C. § 1692g(d); *see also Beler*, 480 F.3d at 473 ("A recent amendment nullified the holding of *Thomas*: legal pleadings no longer need be preceded or accompanied by verification notices. Pub. L. 109-351, 120 Stat. 2006 (Oct. 13, 2006), adding 15 U.S.C. § 1692g(d)").

10. Nonetheless, 14 years later, some debt collectors continue to attach validation notices to summonses and complaints they file and serve on consumers.

11. This unnecessary practice harms consumers.

12. For instance, because a state court complaint is not an initial communication, service of a complaint triggers neither a debt collector's obligations under 15 U.S.C. § 1692g, nor a consumer's concomitant rights under that provision of the FDCPA.

13. Thus, by serving a validation notice with a summons and complaint, the debt collector misleads the consumer into believing the consumer has certain rights under the law that the consumer does not have.

14. Moreover, the timing requirements for responding to a complaint in many state courts are often shorter in duration than the timing requirements for disputing a debt under 15 U.S.C. § 1692g.

---

[2] Internal citations and quotations are omitted.

15. As a result, serving a validation notice with a summons and complaint in such jurisdictions is likely to confuse the consumer as to when and how the consumer needs to respond to the complaint, and in a worst-case scenario, can result in the consumer missing the deadline to respond to the complaint. As the Seventh Circuit wrote in *Thomas*:

> Sending the notice along with the pleadings, or shortly thereafter, might also confuse the debtor. A debtor must comply with deadlines imposed by court rules and judges, even if that debtor has requested verification of the debt. While the § 1692g notice indicates that the debtor has 30 days to dispute his debt, in federal court a defendant must answer a complaint within 20 days of its filing. Failing to timely file an answer could result in a default judgment. Thus, the validation notice could potentially give a debtor the false impression that it has 30 days before it is required to take any action in the lawsuit.

392 F.3d at 919.

16. Upon information and belief, Mallery & Zimmerman, S.C. ("Defendant") routinely serves validation notices on consumers in conjunction with the service of summonses and complaints, in violation of the FDCPA.

17. As a result of these violations, Bernard J. Niemann, Jr. and Sondra S. Niemann ("Plaintiffs") bring this case as a class action seeking damages for themselves and others similarly situated.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

19. Venue is proper before this Court under 28 U.S.C. § 1391(b)(2) because Defendant has its principal offices in this District.

## PARTIES

20. Plaintiffs are each a natural person who reside in Sumter County, Florida.

21. As such, Plaintiffs are each a "consumer" as defined by 15 U.S.C. § 1692a(3).

22. Plaintiffs are obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

23. Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a home equity line of credit and mortgage in favor of Johnson Bank (the "Debt").

24. Defendant is a law firm based in Marathon County, Wisconsin.

25. Defendant "frequently represent[s] secured creditors, creditors' committees, unsecured creditors, debtors and other interested parties in all aspects of creditors' rights, business bankruptcy and receivership law."[3]

26. Defendant is an entity that at all relevant times was engaged, by use of the mails telephone, and/or credit reporting, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5).

27. Upon information and belief, at the time Defendant was hired to collect the alleged Debt from Plaintiffs, the Debt was in default, or Defendant treated the Debt as if it was in default from the time that Defendant acquired it for collection.

28. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

29. Defendant represented to Plaintiffs that it was attempting to collect a debt on behalf of Johnson Bank.

---

[3] *See* https://www.malleryandzimmerman.com/practice-areas/debtorcreditor/ (last accessed October 7, 2020).

30. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

31. On or about January 25, 2020, Defendant served Plaintiffs with a summons and mortgage foreclosure complaint (the "Collection Complaint"). A true and correct copy of the Collection Complaint, filed in Wisconsin state court, is attached as Exhibit A.

32. The summons advised Plaintiffs, in pertinent part,

> Within twenty (20) days of receiving this Summons you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the Sawyer County Clerk of Circuit Court, whose address is 10610 Main Street, Hayward, Wisconsin 54843, and to Mallery & Zimmerman, S.C., plaintiff's attorneys, whose address is 731 North Jackson Street, Suite 900, Milwaukee, Wisconsin 53202. You may have an attorney help or represent you.
>
> If you do not provide a proper answer within twenty (20) days the Court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

*See* Ex. A.

33. Attached to the Collection Complaint was a document titled "NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT." A true and correct copy of the "FDCPA Notice" is attached as Exhibit B.

34. The FDCPA Notice provided:

6

**NOTICE REQUIRED BY THE FAIR DEBT
COLLECTION PRACTICES ACT
15 U.S.C. Section 1692, as amended**

1. Mallery & Zimmerman, S.C. is the creditor's law firm and is attempting to collect a debt for the creditor. Any information the debtor provides to Mallery & Zimmerman, S.C. will be used for that purpose.
2. The amount of the debt is stated in the complaint attached hereto.
3. The plaintiff as named in the attached summons and complaint is the creditor to whom the debt is owed. Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay cannot be calculated herein. Hence, to learn the total amount you owe to the plaintiff, write or call the undersigned office stated in paragraph 8 below.
4. The debt described in the complaint attached hereto will be assumed valid by Mallery & Zimmerman, S.C. unless the debtor, within thirty days after the receipt of this notice, disputes in writing the validity of the debt or some portion thereof.
5. If the debtor notifies Mallery & Zimmerman, S.C. in writing within thirty days of the receipt of this notice that the debt or any portion thereof is disputed, Mallery & Zimmerman, S.C. will obtain a verification of the debt and a copy of the verification will be mailed to the debtor by Mallery & Zimmerman, S.C.
6. If the creditor named as plaintiff in the attached summons and complaint is not the original creditor, and if the debtor makes written request to Mallery & Zimmerman, S.C. within thirty days from the receipt of this notice, the name and address of the original creditor will be mailed to the debtor by Mallery & Zimmerman, S.C.
7. **The law does not require Mallery & Zimmerman, S.C. to wait until the end of the thirty day period before suing you to collect the debt. If, however, you request proof of the debt or the name and address of the original creditor within the thirty day period that begins with your receipt of the notice, the law requires our law firm to suspend efforts (through litigation or otherwise) to collect the debt until we mail the requested information to you.**
8. Written request should be addressed Mallery & Zimmerman, S.C., 731 N. Jackson Street, Suite 900, Milwaukee, Wisconsin 53202. The telephone number for Mallery & Zimmerman, S.C. is (414) 271-2424.

**If you have previously received a Chapter 7 discharge in bankruptcy, this correspondence should not be construed as an attempt to collect a debt.**

35. Upon information and belief, Defendant, as a matter of pattern and practice, includes the FDCPA Notice as an attachment to debt collection complaints that it serves on Wisconsin, Georgia, and Florida consumers.

7

## CLASS ACTION ALLEGATIONS

36. Plaintiffs bring this action as a class action under Federal Rules of Civil Procedure 23(a) and (b) on behalf of themselves and a class of similarly situated individuals as defined below:

> All persons in the state of Wisconsin, Georgia and Florida to whom, within one year before the date of this complaint, Mallery & Zimmerman, S.C. served an FDCPA Notice as part of a lawsuit it filed against such person in connection with the collection of a consumer debt.

Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

37. Upon information and belief, the proposed class is so numerous that joinder of all members is impracticable.

38. The exact number of members of the class is unknown to Plaintiffs at this time and can only be determined through appropriate discovery.

39. The proposed class is ascertainable in that is defined by reference to objective criteria.

40. In addition, upon information and belief, the names and addresses of all members of the class can be identified in business records maintained by Defendant and in public records.

41. Plaintiffs' claims are typical of the claims of the members of the class because Plaintiffs and all class members' claims originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiffs have suffered the same injury as each member of the class.

42. Like all members of the proposed class, Defendant served Plaintiffs with an FDCPA Notice as part of a lawsuit filed against Plaintiffs in connection with the collection of a consumer debt.

43. Plaintiffs will fairly and adequately protect the interests of the members of the class and have retained counsel experienced and competent in class action litigation.

44. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is likely impracticable.

45. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation may make it impracticable for the members of the class to individually redress the wrongs done to them.

46. There should be little difficulty in the management of this action as a class action.

47. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class. Among the issues of law and fact common to the class are:

   a. Defendant's violations of the FDCPA;

   b. Whether including a validation notice when serving a complaint and summons on a consumer constitutes a false, deceptive or misleading practice;

   c. Whether Defendant is a "debt collector" as defined by the FDCPA;

   d. the availability of declaratory relief;

   e. the availability of statutory penalties; and

   f. the availability of attorneys' fees and costs.

48. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

## COUNT I: VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e

49. Plaintiffs repeat and re-allege each and every factual allegation contained in paragraphs 1-48.

50. The FDCPA at 15 U.S.C. § 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

51. Defendant served the FDCPA Notice on Plaintiffs at the same time it served the Collection Complaint.

52. The FDCPA Notice advised Plaintiff that the "debt described in the complaint attached hereto will be assumed valid by Mallery & Zimmerman, S.C. unless the debtor, within thirty days after receipt of this notice, disputes in writing the validity of the debt or some portion thereof." *See* Ex. B.

53. The FDCPA Notice further advised Plaintiffs that if they notified Defendant "in writing within thirty days of receipt of this notice that the debt or any portion thereof is disputed, Mallery & Zimmerman, S.C. will obtain a verification of the debt and a copy of the verification will be mailed to the debtor by Mallery & Zimmerman, S.C." *Id.*

54. The FDCPA Notice also advised Plaintiffs that "[i]f the creditor named as plaintiff in the attached summons and complaint is not the original creditor, and if the debtor makes written request to Mallery & Zimmerman, S.C. within thirty days from receipt of this notice, the name and address of the original creditor will be mailed to the debtor by Mallery & Zimmerman, S.C." *Id.*

55. Thereafter, in bold lettering, the FDCPA Notice advised Plaintiffs: "**The law does not require Mallery & Zimmerman, S.C. to wait until the end of the thirty day period before suing you to collect the debt. If, however, you request proof of the debt or the name and address of the original creditor within the thirty day period that beings with your receipt of this notice, the law requires us to suspend our efforts (through litigation or otherwise) to collect the debt until we mail the requested information to you.**" *Id.*

10

56. These representations are false, deceptive and misleading because they provide a misleading impression of the process for responding to a lawsuit under Wisconsin law. Specifically, Plaintiffs only had 20 days—not 30—to respond to the complaint without risking default judgment.

57. However, an unsophisticated consumer reviewing the FDCPA Notice could reasonably conclude that as long as she disputed the debt in writing to Defendant within thirty days, Defendant would have to suspend collection efforts—including prosecution of the lawsuit—until Defendant provided the consumer with verification of the Debt.

58. Indeed, while the summons advised Plaintiffs to prepare a written answer to both the state court and to Defendant, the FDCPA Notice only directed Plaintiffs to send their dispute or request for verification to Defendant. *See* Ex. A; Ex. B.

59. As a result, and given the conflict between the time period in the summons (20 days) and the time period in the FDCPA Disclosure (30 days), an unsophisticated consumer would be confused as to when and how he would need to respond to the Collection Complaint.

60. And upon being served with the Collection Complaint, Plaintiffs were, in fact, confused about when and how they needed to respond to the Collection Complaint.

61. Moreover, the FDCPA Notice advised Plaintiffs that it was a "NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT." *Id.*

62. However, since the Collection Complaint is not an "initial communication," the FDCPA Notice is not required by the FDCPA.

63. And because the Collection Complaint is not an initial communication, Plaintiffs did not have the dispute and verification rights that Defendant informed Plaintiffs they had by way of the FDCPA Notice.

64. For instance, Plaintiffs neither had the legal right to dispute the Debt within 30 days after the Collection Complaint was served on them, nor would Defendant be legally obligated to obtain verification of the Debt and provide a copy of such verification to Plaintiffs had Plaintiffs disputed the debt in writing within the 30-day period.

65. Nonetheless, Defendant falsely advised Plaintiffs that they had these exact rights pursuant to the FDCPA.

66. And because Plaintiffs did not have these rights, Defendant was under no obligation to "suspend efforts (though litigation or otherwise) to collect the debt" had Plaintiffs requested proof of the Debt or the name and address of the original creditor.

67. As a result of the foregoing, Defendant violated 15 U.S.C. § 1692e.

68. The harm suffered by Plaintiffs is particularized in that the illegal debt collection conduct was targeted at them personally and regarded their personal alleged debt.

69. Likewise, Defendant's actions caused actual harm, as well as a risk of harm, to Plaintiffs in that they were left uncertain and confused as to when and how they needed to respond to the Collection Complaint, and what rights they had regarding disputing the Debt. *See, e.g.*, *Lavallee v. Med-1 Sols., LLC*, 932 F.3d 1049, 1052-54 (7th Cir. 2019); *Evans v. Portfolio Recovery Assocs.*, 889 F.3d 337, 345 (7th Cir. 2018).

### COUNT II: VIOLATION OF THE FDCPA, 15 U.S.C. § 1692g(a)(3)

70. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-48.

71. The FDCPA at 15 U.S.C. § 1692g(a)(3) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

*****

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector (emphasis added).

72. To the extent that Defendant contends that the FDCPA Notice should be construed as Defendant's initial communication with Plaintiffs in connection with collection of the Debt, the FDCPA Notice did not contain the proper disclosures required by 15 U.S.C. § 1692g(a)(3), and Defendant did not provide such disclosures within five days thereafter.

73. Specifically, the FDCPA Notice violated 15 U.S.C. § 1692g(a)(3) by requiring Plaintiffs to dispute the Debt in writing. *See, e.g.*, *Riccio v. Sentry Credit, Inc.*, 954 F.3d 582, 588 (3d Cir. 2020) ("The upshot: § 1692g(a)(3)'s plain meaning permits a debtor to dispute a debt orally."); *Camacho v. Bridgeport Fin., Inc.*, 430 F.3d 1078, 1082 (9th Cir. 2005) ("The plain language of subsection (a)(3) indicates that disputes need not be made in writing, and the plain meaning is neither absurd in its results nor contrary to legislative intent. Thus, there is no writing requirement implicit in § 1692g(a)(3). Bridgeport Financial's collection notice violated § 1692g insofar as it stated that disputes must be made in writing."); *Campbell v. Hall*, 624 F.Supp.2d 991, 995, 1000–01 (N.D. Ind. 2009) ("Because the plain meaning of the statute is clear and unambiguous, subsection (a)(3) does not impose a writing requirement on consumers. Accordingly, this Court finds that Defendant's debt collection letters violate § 1692g(a)(3) insofar as they state that disputes regarding the validity of a debt must be made in writing.").

74. As a result, Defendant violated 15 U.S.C. § 1692g(a)(3).

75. The harm suffered by Plaintiffs is particularized in that the illegal debt collection conduct was targeted at them personally and regarded their personal alleged debt.

76. Likewise, Defendant's actions created risk of real harm to the concrete interests that Congress enacted the FDCPA to protect.

77. Indeed, because Defendant attempted to limit Plaintiffs' ability to dispute the Debt by informing them that disputes must be in writing, Defendant's conduct created a real risk that Plaintiffs would waive their validation rights by not to engaging in the more burdensome task of sending a written dispute to Defendant when, in fact, the law allowed them to simply pick up the phone and call Defendant to dispute the Debt.

**WHEREFORE**, Plaintiffs pray for relief and judgment, as follows:

a. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

b. Adjudging and declaring that Defendant violated 15 U.S.C. § 1692e or, alternatively, 15 U.S.C. § 1692g(a)(3);

c. Awarding Plaintiffs and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

d. Enjoining Defendant from future violations of 15 U.S.C. § 1692e and 15 U.S.C. § 1692g(a)(3) with respect to Plaintiffs and the class;

e. Awarding Plaintiffs and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

f. Awarding Plaintiffs and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

g. Awarding other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

Plaintiffs hereby demand a trial by jury.

Dated: October 26, 2020            Respectfully submitted,

                                         /s/ *James L. Davidson*
                                         James L. Davidson
                                         Greenwald Davidson Radbil PLLC
                                         7601 N. Federal Highway, Suite A-230
                                         Boca Raton, FL 33487
                                         Telephone: 561.826.5477
                                         jdavidson@gdrlawfirm.com

                                         Matthew C. Lein
                                         Lein Law Offices
                                         15692 Highway 63 North
                                         Hayward, WI 54843
                                         Telephone: 715.634.4273
                                         Fax: 715.634.5051
                                         mlein@leinlawoffices.com

                                         Counsel for Plaintiffs and the proposed class